IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SE-ELUA MIKAIO,

Petitioner,

v.

TERI GONZALEZ,

Respondent.

No. C 11-1638 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

## ANALYSIS

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.   LEGAL CLAIMS**

Petitioner claims that the Board violated his right to due process by (1) applying the wrong evidentiary standard; and (2) continuing to rely on immutable facts of the crime to deny parole. For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. Petitioner does not allege that he was deprived of either an opportunity to be heard or a statement of the reasons parole was denied, which are the only procedural protections guaranteed by due process. The constitution does not require more. *Ibid.* The application of the wrong evidentiary standard or the reliance upon the unchanging facts of the crime in denying parole do not implicate the constitutional right to due process. Consequently, petitioner's claim fails to state a cognizable claim for relief.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April __26__, 2011.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\MIKAIO1638.DSM.wpd